## A. N. CAMPBELL *v.* MARY LUCAS AND CHARLES LUCAS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 14, 1906.            DECIDED MAY 25, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

In an action by a vendee under a time purchase of land to recover from the vendors the only two instalments paid on account of the purchase price, no deed to be delivered until full payment, and time being of the essence of the contract, the jury being instructed that under the contract the vendee was entitled to the immediate possession of the land and that he could recover if the vendors failed or refused upon request by the vendee to put him in possession, and the evidence being conflicting whether the vendee requested the vendors to put him in possession, a verdict for defendants cannot be disturbed.

### OPINION OF THE COURT BY WILDER, J.

This is an action by the assignee of the vendee to recover $1000 paid to defendants, the vendors, in pursuance of the following contract, to wit:

"THIS AGREEMENT, made this 15th day of April, 1901, between Mrs. Charles Lucas and Charles Lucas her husband, of Honolulu, Island of Oahu, parties of the first part, and W. C. Achi of said Honolulu, party of the second part;

"Witnesseth:—

"That in consideration of the stipulations herein contained, and the payments to be made as hereafter specified, the first parties agree to sell, and the second party agrees to purchase these premises situate at makai side of King Street in Mokauea, Honolulu aforesaid and more particularly described as follows:

"Portion of L. C. A. 803, Apana 2, Pualoa to Alex Adams, lying makai of King Street, Kalihi, Honolulu.

"Beginning at a point on makai side of King Street, at the East corner of this lot, adjoining Mokauea and running by true bearings,

"1.   S. 39° 35′ W. 307.2 feet along Mokauea, to

"2.   N. 47° 35′ W. 222.0 feet along Mokauea,

"3.   N. 42° 40′ E. 246.0 feet along Grant 3303, W. L. Wilcox,

"4.   S. 64° 00′ E. 215.0 feet along King Street, to the initial point, and containing an area of 1 36-100 acres, for the sum of Five Thousand Dollars ($5000.00) and all taxes and assessments from July 1, 1902, lawfully imposed on said real estate on account of which Five Hundred Dollars ($500.00) is paid, the receipt whereof is hereby acknowledged, the remainder to be paid as follows:

"Five Hundred Dollars per month until paid with interest thereon at the rate of Eight per cent per year.

"Time being the essence of this contract, it is agreed that if any payment shall be in arrears for more than ten days, all further payment shall immediately become due, and the party of the first part shall have the right to demand for the full payment of the balance and if not paid within one month this contract shall be null and void.

"When full payments shall have been received, the said parties of the first part will execute, or cause to be executed, and delivered to the said party of the second part, his heirs, administrators and assigns, a good and sufficient deed to the property above described free from all incumbrances.

"In case of forfeiture, party of the second part will surrender this agreement on demand, and allow the parties of the first part to take immediate possession of the property, together with the improvements and appurtenances without recourse to law."

One payment of $500 was made at the time the agreement was executed, and the second payment of $500 due on May 15th was paid on June 5th, after which no other payments were made.

The main question to decide is whether the court should have directed a verdict for plaintiff, and that turns on whether the verdict for defendants is supported by any evidence.

It was assumed in this court, although not admitted by defendants to be good law, that under the contract Achi was entitled to the immediate possession of the premises, and the jury was so instructed. At the time of the execution of the agreement and the payment of the first instalment, Achi's understanding, as he says, was that a Chinaman was raising vegetables on the land contracted to be sold, that this Chinaman was to be allowed a proper time to remove his vegetables, and that defendant Charles Lucas was to get the Chinaman off the land when Achi requested him to do so. Achi made an attempt to get possession of the land before the Chinaman had removed, with the result that the Chinaman still held on and rebuilt a fence which Achi's man had broken down to get into the land. Then Achi testified that he made demand on Charles Lucas for the possession of the land in accordance with the agreement and this demand was refused, in consequence of which he never got possession and therefore failed to pay any more money under the agreement to the vendors. Charles Lucas denies that Achi ever made demand on him for possession of the land or ever requested him to get the Chinaman off, and also that he, Lucas, never knew of the attempts made by Achi to get the Chinaman off the land and secure possession of it.

The jury was instructed at the request of plaintiff that plaintiff could recover if defendants refused or failed to put Achi in possession when demanded by him, and the case thus went to the jury on a disputed question of fact, namely, whether defendant refused to deliver possession upon being so requested by plaintiff's assignor, Achi testifying one way and Lucas testifying the other way. The jury believed Lucas and did not believe Achi. Under the law in this Territory such a verdict cannot be disturbed. See note to Sec. 1864, R. L.

Plaintiff further contends that defendants, by not tendering Achi possession after he paid the first instalment, put them in default, and that that entitled the vendee not being in default:

to recover from the vendors the amounts already paid. There is no merit in that contention, for the reason that the vendee himself testified that he knew when he agreed to buy and the vendors agreed to sell that there was a tenant on the land and that the tenant should stay on the land until he, the vendee, requested the vendors to remove him. And the jury found that the vendee never made any such request.

It follows that the exception to the refusal to direct a verdict for plaintiff must be overruled. This ruling also disposes of the exception to the verdict and to the overruling of the motions for a new trial and for judgment non obstante. Plaintiff's exceptions to the instructions given on behalf of defendants and to that portion of the charge given by the court of its own motion were not argued orally or in the brief and are consequently abandoned.

The exceptions are overruled.

*T. M. Harrison,* (*Castle & Withington* on the brief,) for plaintiff.

*A. Lewis, Jr.,* (*Smith & Lewis* on the brief,) for defendants.

